GUS LINN, APPELLEE, v. ARTHUR R. MARSHALL, APPELLANT.

FILED JANUARY 8, 1932. No. 28057.

S. E. *Torgeson*, for appellant.

*Roland V. Rodman* and *John H. Kuns, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

ROSE, J.

This is an action to recover $175, the purchase price of a potato picker which plaintiff alleged he sold and delivered to defendant. In an answer to the petition defendant denied that he made the purchase. The action was defended on the theory that the minds of the parties never met on a contract of sale or on terms of purchase, defendant pleading in effect that negotiations on his part went no further than an offer to order the latest improved type of potato picker sold by plaintiff after a successful demonstration with an implement of the same make in the soil in which defendant raised potatoes, a test never made. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for the full amount of his claim with interest—$192.95. Defendant appealed.

The controlling question for review is the sufficiency of the evidence to sustain the verdict in favor of plaintiff. The record shows that the evidence would sustain a finding in favor of defendant, who testified frankly to facts showing his understanding that the negotiations did not result in a contract of sale, but the jury believed testimony of a different import. It is clear both parties understood that plaintiff did not warrant the potato picker to work and that defendant was anxious to get one that would pick potatoes in his fields. The record contains evidence tend-

ing to prove the following facts, in substance: At plaintiff's store defendant inquired about a potato picker and asked to be notified when and where he could see demonstrations. He was informed the cash price was $175 and that the potato picker would be demonstrated on some of the farms in the vicinity. Later defendant witnessed two actual experiments in different potato fields in the neighborhood of his farm. In one of the places the potato picker did not work and he discussed with the operator the reasons why it would not perform in the soil of that particular field. It would work in some soils. Defendant said he thought it would work in his potato fields and ordered one of the potato pickers. He was told there was none in stock at plaintiff's store, but that an effort would be made to procure one for him. Afterward two of the latest potato pickers of the same type as the one demonstrated were brought from Scottsbluff and one of them was delivered to defendant at his farm in Kimball county. Defendant used it in picking two acres of potatoes, but it failed to work in another potato field, though he had put on an attachment and had made repairs. He did not return the potato picker, but abandoned it on his farm without notifying plaintiff where he had left it. The facts outlined, when believed by the jury, were sufficient to sustain a finding that defendant purchased the potato picker delivered to him by plaintiff. With the controlling issue of fact thus determined, prejudicial error in the proceedings and judgment below has not been found in the record.

AFFIRMED.